## P. FLOYD & CO. V. I. EFRON & CO.

### (Case No. 5450.)

1. INTEREST—CHARGE—See opinion for charge on the question of interest held correct.

2. PARTNERSHIP—LIABILITY OF CO-PARTNER—See opinion and facts for charges on the liability of a partner to his co-partner held incorrect under the evidence, and for a charge properly applying the law to the facts.

3. SAME—EVIDENCE OF LOSS—See opinion for evidence held sufficient to establish a loss in a partnership venture.

4. CHARGE—EVIDENCE—When no evidence is produced in support of an issue raised by the pleading, the court may assume in its charge that there is no controversy on that point.

5. REMITTITUR—APPLICATION TO SET ASIDE—A party who has entered a remittitur in the court below to avoid the granting of a new trial, cannot have it set aside on appeal.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

I. Efron, under the firm name of I. Efron & Co., sued P. Floyd & Co., defendants in the court below, to recover one-half of a loss which plaintiff claimed he had sustained in a joint transaction with defendants in buying and selling jointly with them wool, hides and bottles.

Plaintiff alleged that he made a contract with defendants in September, 1881, by the terms of which defendants were to buy wool, hides and bottles in Laredo, and deliver the same to plaintiff in San Antonio, who was to dispose of the produce, and the profit or loss sustained was to be divided between plaintiff and defendants; that when the contract was made, plaintiff had a contract with Newhall & Thatcher, of Boston, Mass., to buy a certain grade and class of wool for them, at a commission of one cent per pound; that plaintiff at the time made known this agreement with N. & T. to defendants, and agreed with them that on all wool that defendants should buy and deliver to him that was suitable for these orders, and of the class and grade required for the orders, plaintiff would divide his commissions with defendants; that under the contract defendants bought and delivered to plaintiff a large lot of hides and bottles, which plaintiff sold at a small net profit; that defendants also bought and delivered to plaintiff wool which plaintiff claimed he disposed of at a loss of $4,535, which he paid to Newhall & Thatcher.

Plaintiff claimed that defendants, in drawing on plaintiff for the purposes of the transaction, made an overdraft on him for $225 more than the cost of the produce, and brought this suit to recover the half of $4,535, loss on wool, and for the overdraft, and asked for an account.

Defendants answered by a general denial.

Verdict and judgment were given in favor of plaintiff for $1,374.07.

It appeared from the evidene that M. Muench was sent by plaintiff to Laredo to assist in selecting wool suitable for Newhall & Thatcher's orders.

Paragraph five of the charge given by the court was as follows: "If you find, from the evidence, that the plaintiff has paid off and discharged said liability in the manner and under the circumstances as specifically set forth in his petition, and that the defendants have been proved to be liable for the one-half of the amount so paid, you will, in that event, find for the plaintiff a verdict for the one-half of the sum so paid by the plaintiff on the settlement of the joint account, with interest theron at the rate of eight per cent. per annum from the date of payment by the plaintiff."

Charge number three asked by defendants and refused by the court, was: "You are charged as follows: That if you believe, from the evidence in the cause, that by the terms of the contract between plaintiff and defendants, defendants agreed with plaintiff to buy wools to fill orders of plaintiff from Newhall & Thatcher, on commission, of a certain class and quality, and that plaintiff agreed to send to Laredo, where defendants were to purchase said wool, a suitable person to select said wool so to be purchased, and that plaintiff agreed to furnish a scale of prices to defendants. above which wool should not be bought for such orders. and for all such wool plaintiff agreed to pay defendants one-half of his commission on said orders; and that in pursuance of such contract, plaintiff did send such suitable person to Laredo. and did furnish to defendants such scale of prices, and defendants did purchase wool of the class and kind suitable to fill plaintiff's orders, and under the scale of prices furnished by plaintiff, and selected by such suitable person sent by plaintiff to select the wool, and delivered the wool so purchased to plaintiff, with which to fill orders, then defendants are not liable to plaintiff for any loss he may have sustained on the wool."

The fourth and fifth charges refused were: "That, to entitle plaintiff to recover in this cause, he must show clearly and substantially, by evidence to the jury, the disposition he has made of the joint property that came into his possession, if any, and if he has made any disposition thereof; and, where he has disposed of joint property, the time he disposed of the same, what it was, what price was paid therefor, and if property was sold by weight or measure, to show the price paid in reference to weight and measure."

"That, to enable plaintiff to recover in this cause for any loss sustained in the item of wool, he must first show to the jury by a preponderance of testimony that the same identical wools delivered to

him by defendants upon joint account was disposed of at a loss; and if plaintiff has not satisfactorily shown to you that he has disposed of the same identical wool delivered to him on joint account at a loss, he can recover nothing upon the item of wool."

*Showalter & Nicholson* and *Simpson & James*, for appellants.

*Leo Tarleton*, for appellee, on interest, cited : Gibbs *v.* Bryant, 1 Pick., 118; Weeks *v.* Hasty, 13 Mass., 218; Chamberlain *v.* Smith, 1 Mo., 718; Gillett *v.* Van Renseslaer, 15 N. Y., 397; Cloud et al. *v.* Smith & Adriance, 1 Tex., 102; Ilsley *v.* Jewett, 2 Met., (Mass.) 168; Aiken *v.* Peay, 5 Strobh., (S. C.) 15; Suth. on Damages, 518, *et seq.*, and notes; Sheppard *v.* Wilkins, 1 Ala., 62, new series; Goodwin *v.* Harrison, 6 Ala., 438, new series; 1 Wait's Acts. and Def., 191; McCamant *v.* Batsell, 59 Tex., 363; Tex. & St. L. R. R. Co. *v.* Smith, Tex. Law Rev., vol. 2, p. 366; Stebbens *v.* Niles, 25 Miss., 267; Steuton *v* Jerome, 54 N. Y., (9 Sick) 480; Lockwood *v.* Thornes, 11 N. Y., (1 Kern.) 170; Kock *v.* Bonitz, 4 Daly, (N. Y.) 117; McGregory *v.* McGregory, 107 Mass., 543; Sexton *v.* Sexton, 35 Ind., 88; Allyn *v.* Boorman, 30 Wis., 684; 4 Wait's Acts. and Def., 451.

On the charge of the court as to the existence of a contract, he cited : Wintz *v.* Morrison, 17 Tex., 372; Bond *v.* Mallow, 17 Tex., 636; Hedgepeth *v.* Robinson, 18 Tex., 858.

On the charge asked covering the question of mismanagement by a co-partner, he cited : Love *v.* Wyatt, 19 Tex., 312; Patton *v.* Gregory, 21 Tex., 513.

STAYTON, ASSOCIATE JUSTICE.—The balance due to Newhall & Thatcher was due by the appellants as well as the appellee, and as against both, would have borne interest from the first of January, 1883, in favor of Newhall & Thatcher. When settled by Efron, he ought to be as fully protected in the way of interest as would have been Newhall & Thatcher, had they been compelled to enforce their demand against both by suit, in so far as may be necessary to reimburse him for the sum paid to extinguish as to Newhall & Thatcher an interest bearing indebtedness. The charge of the court directed the jury to allow interest on one-half of the sum paid to Newhall & Thatcher by Efron from the time payment was made  This was correct, and furnishes no ground for complaint.

There was no evidence tending to show mismanagement of the partnership business by Efron, and the court correctly refused to give

a charge upon that subject. Martin Muench was as much the agent of the appellants as of the appellee, and if he erred in judgment in purchasing wool which he thought would be suitable to fill the contract with Newhall & Thatcher, and it was subsequently sold at a loss, there is no reason why such loss should fall on the appellee exclusively. It was a common venture in which all parties knew that the wool purchased which would not answer for the contract with Newhall & Thatcher would have to be sold in open market, and they all were bound to bear their proportion of the loss. There was no guaranty by the appellee that wool selected by Muench, and bought at certain prices, would be received by Newhall & Thatcher, nor that it would be sold at a profit, and in the absence of something of this character, the loss must be borne as in other cases of co-partnership.

The court therefore did not err in refusing to give the third charge requested.

The court instructed the jury that to entitle the plaintiff to recover, the evidence must show loss in the common venture, and the evidence showed that the identical wool bought was shipped to Boston and there sold at a loss. This was shown in the way that such transactions are usually shown. It was shown that the wool was shipped to the commission merchant, that it was sold, what it sold for, what it cost, and the necessary charges thereon.

The fourth and fifth charges asked would have required a particularity and detail in the evidence, which, in such transactions, it would in many cases be impracticable to make; hence the court did not err in refusing to give them. The proof made in regard to the matters referred to in these charges is that which the nature of the transaction would ordinarily call for, and if unrebutted was sufficient.

If that minute inquiry contemplated by these charges was deemed proper by the appellants, they could have made it, but to have required the jury to find against the plaintiff unless he had made proof of such minute facts as the charges requested by the appellants required, when the proof which he had offered was sufficient, if unrebutted, would have been to mislead the jury as to the character of evidence necessary to entitle the plaintiff to recover.

If there had been any evidence throwing suspicion on the transactions between Efron and Newhall & Thatcher, or tending to raise doubt as to the wool actually received and sold by the latter, then the rule might be different; but there was no such evidence.

Deducting from the sum paid by Efron to Newhall & Thatcher the sum received as profit on other transactions and the sum received as

rebate on freight, and charging the appellants with only half of the sum which they drew from Efron for purposes not connected with the joint venture, and the verdict of the jury was authorized by the evidence.

It is unnecessary to consider whether the appellee would not have been entitled to the entire sum drawn from him, by appellants, for a matter not connected with the business in which they were jointly concerned. The court did not err in assuming in the charge that there was no controversy between the parties as to the contract under which they were doing business; for that was made by letters which were in evidence, without objection. The appellee remitted a part of the judgment rendered in his favor, as he states, on the ground that the court had ruled that he was not entitled to the interest given him by the verdict, which was authorized by the charge of the court, and he assigns this as error, and asks this court to set aside his remittitur.

This was his voluntary act, which this court would not undo, even if it appeared that the remittitur was entered to avoid the granting of a new trial. It appears from the record, however, that the motion for new trial was overruled on January 17, and that the remittitur was not filed until February 11, succeeding.

There is no error in the judgment, and it will be affirmed, subject to the remittitur filed by the appellee. It is so ordered.

AFFIRMED.

[Opinion delivered April 16, 1886.]